FRED SELIG *v.* UNITED STATES

No. 7634.—Invoice dated Cienfuegos, Cuba, December 1944.
Certified December 1944.
Entered at Portland, Oreg., January 20, 1945.
Entry No. 281.

(Decided December 7, 1948)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* and *Charles J. Evans* of counsel) or the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

CLINE, Judge: This is an appeal for reappraisement of cigars exported from Cuba on December 21, 1944. They were entered and appraised as follows:

| Description | Entered per M, less cash discount | Appraised per M, net packed |
| --- | --- | --- |
| Brevas Especiales 1/20 | $72 | $80 |
| Fumitas Especiales 1/20 | 54 | 70 |

At the trial plaintiff offered in evidence an affidavit of Elias Agustin Quintero Garcia, which is signed Elias A. Quintero, subscribed and sworn to before the American vice consul in Cienfuegos, Cuba, on April 9, 1945. Defendant objected to the admission of the affidavit on the grounds that it contains broad statements covering market values which are not supported by any evidence; that the statements refer to merchandise exported to the United States but do not refer especially to the merchandise covered by this appeal; that the affidavit is dated April 9, 1945, whereas the date of exportation is Decem-

ber 21, 1944; that the affiant purports to be the attorney in fact for the owner of the cigar factory. The court reserved decision on the objection and the affidavit was marked plaintiff's exhibit 1 for identification.

While some of the objections go to the weight to be ascribed to the affidavit, the last objection refers to the competency of the witness. The affiant states that he is the attorney in fact for Agustin Quintero Perez, owner of the cigar factory, but there is nothing to show his familiarity with the business or with the market prices of cigars, nor is there any statement as to how he obtained the information set forth in the affidavit. Since it does not appear that the affiant has any knowledge of his own on the subject matter of the affidavit, he is not a competent witness. The affidavit is, therefore, inadmissible and the objection is sustained.

Defendant offered in evidence a letter from Lester D. Johnson, Appraiser of Merchandise at Miami, Fla., dated November 30, 1945. It is stated therein that his office is in possession of a price list of Carlos Gispert, dated April 10, 1944, offering "Brevas Canon Rayado," a cigar similar to "Brevas Especiales" at $65 per thousand and "Half-Brevas Canon Rayada," a cigar similar to "Fumitas Selecta" at $52 per thousand; that his office has no records of shipments from Gispert, but one sale was listed on a report from Houston, Tex.; and that his office has records of sales subsequent to January 1, 1945, of Brevas Especiales at $80 per thousand and Fumitas Especiales at $70 per thousand.

There is nothing in the record herein to overcome the presumption of correctness attaching to the appraiser's valuation of the merchandise. I find, therefore, that the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved and that such values are the appraised values.

Judgment will be rendered accordingly.